IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| BRITTANY BAILEY,<br><br>    Plaintiff,<br><br>vs.<br><br>HSMTX/BEAUMONT, HEALTH SERVICES MANAGEMENT OF TEXAS LLC, BARBARA DEFILS,<br><br>    Defendants. | NO. 1:22-CV-00582-MJT |

## REPORT AND RECOMMENDATION DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

  This case is assigned to the Honorable Michael J. Truncale, United States District Judge. On April 16, 2024, Judge Truncale referred Defendants Health Services Management of Texas, LLC and HSMTX/Beaumont, LLC ("the Defendants")'s *Motion for Summary Judgment* (Doc. No. 11) to the undersigned United States Magistrate Judge for consideration and disposition pursuant to 28 U.S.C. § 636(b). Doc. No. 18.

  This case arises from a motor vehicle accident in which Plaintiff Brittany Bailey ("Bailey") was rear-ended by Defendant Barbara Defils ("Defils") while stopped at a stoplight. Doc. No. 2 at 3. Bailey asserts various negligence claims against the Defendants. *Id.* at 4–6. The Defendants contend that they are entitled to summary judgment because Bailey has not presented an expert who can testify about medical causation with respect to her negligence claims. Doc. No. 11 at 6. After careful consideration of the filings and applicable law, the undersigned concludes that the Defendants' instant *Motion for Summary Judgment* (Doc. No. 11) should be denied because Bailey has introduced a non-retained treating physician expert who can permissibly testify about medical causation.

I.      **Factual and Procedural Background**

On November 23, 2021, Bailey was stopped at a red light and was rear-ended by Defils, who was driving a bus in the course and scope of her employment. Doc. No. 2 at 3. Law enforcement responded to the scene of the accident. Doc. No. 11-2 at 36. Bailey told the responding law enforcement officer that she felt pain in her head but refused medical attention at the scene of the accident. Doc. No. 11 at 3; Doc. No. 11-2 at 36. Later that day, Bailey sought treatment at Beaumont Emergency Hospital, where she was diagnosed with a post-traumatic headache and was prescribed muscle relaxer and anti-inflammatory medications. Doc. No. 11 at 3. Bailey later followed up with her primary care physician, who prescribed muscle relaxers and advised Bailey to watch for any progression in pain symptoms. Doc. No. 12 at 2.

Throughout the months following the accident, Bailey sought additional medical treatment from a variety of healthcare providers. Doc. No. 11 at 3. These providers included Prestige Medical Services, Dickerson Pain Management, Infinity Diagnostic Imaging Center, and United Memorial Medical Center. *Id.* Bailey continued to complain of headaches and pain in her neck, low back, left shoulder, and right hip. *Id.* at 3. The treatment she received from these various providers included chiropractic care, additional prescription medications, physical therapy, cervical imaging, and various injections. *Id.* at 3–4.

Despite these treatments, Bailey continued experiencing back pain and sought an evaluation from Dr. Rajesh Bindal, a neurosurgeon, on October 14, 2022. Doc. No. 12 at 3; Doc. No. 12-2 at 6. During this evaluation, Bailey specifically complained of pain in her low back, left leg, neck, trapezius, and right shoulder, left arm weakness, numbness and tingling, and weak grip strength. Doc. No. 12-2 at 6. Dr. Bindal took Bailey's medical history, performed a physical examination, and reviewed Bailey's MRI films. Doc. No. 12 at 3. As part of her medical history,

Bailey related to Dr. Bindal that she had been involved in the motor vehicle accident that is the subject of this lawsuit. Doc. No. 12-2 at 6. Dr. Bindal concluded that surgery was the most appropriate course of treatment and ultimately performed surgery on Bailey's spine. *Id.* at 4.

On November 4, 2022, Bailey filed her *Original Petition* against the Defendants in the 172nd Judicial District of Jefferson County asserting various negligence claims. Doc. No. 2. On December 9, 2022, the Defendants removed the case to this court. Doc. No. 1. On November 20, 2023, Bailey provided her designation of experts to the Defendants. Doc. No. 11-1. The Defendants filed their instant *Motion for Summary Judgment* (Doc. No. 11) on February 9, 2024, and Bailey filed her *Response* (Doc. No. 12) on March 1, 2024. The Defendants did not file a reply.

## II.   Legal Standard

Summary judgment shall be granted when the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Edwards v. Oliver*, 31 F.4th 925, 929 (5th Cir. 2022). A dispute is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material when it is relevant or necessary to the ultimate outcome of the case. *Id.* ("[T]he substantive law will identify which facts are material"). The moving party has the burden of demonstrating that there are no genuine issues of material fact in dispute. *See Celotex*, 477 U.S. at 323; *Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 433 (5th Cir. 2005). The court resolves any doubts and draws all reasonable inferences in favor of the nonmoving party. *Matsushita Elec.*

*Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *United States ex rel. Longhi v. United States*, 575 F.3d 458, 465 (5th Cir. 2009).

The movant must support its assertion by "citing to particular parts of materials in the record . . . showing that the materials cited do not establish the . . . presence of a genuine dispute, or [showing] that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(A)–(B). "[T]he court . . . may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 255. "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tennessee Gas Pipeline Co*, 136 F.3d 455, 458 (5th Cir. 1998).

Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). As a result, "[i]f the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012) (quoting *Harvill*, 433 F.3d at 433). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322.

Finally, "even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that 'a better course would be to proceed to a full trial.'" *Kunin v. Feofanov*, 69 F.3d 59, 61 (5th Cir. 1995) (quoting *Anderson*, 477 U.S. at 255–56).

4

### III. Discussion

The Defendants contend that they are entitled to summary judgment on all of Bailey's claims because Bailey has not identified an expert who is qualified to testify as to medical causation, which is a necessary element to prove her negligence claims. Doc. No. 11 at 2. The Defendants make two specific arguments in support of this contention. First, the Defendants contend that Bailey must introduce expert testimony to establish causation for her claims. *Id.* at 7. Second, the Defendants contend that none of Bailey's treating physicians are qualified to testify as to medical causation. *Id.* at 9. The undersigned will examine each contention in turn.

#### A. Necessity of Expert Testimony to Prove Medical Causation

The Defendants allege that Bailey must introduce expert testimony to establish that her injuries were caused by the motor vehicle accident. *Id.* at 8, ¶ 19. The undersigned agrees. The Texas Supreme Court has held that "[t]he general rule has long been that expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors." *Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007). Bailey alleges that she suffered "three herniated discs with spinal cord compression" due to the automobile accident. Doc. No. 12 at 3. Texas courts have recognized that this type of injury requires expert testimony to establish a causal connection between the automobile accident and the injury suffered. *See Lara v. Bui*, No. 01-21-00484-CV, 2023 WL 2249205, at *6 (Tex. App.—Houston [1st Dist.] 2023, pet. denied) (noting that herniated discs, traumatic cervical strain, lumbalgia, and cervicalgia, among others, are injuries for which expert testimony is necessary to establish a causal connection between an occurrence and the injury); *but see Guevara*, 247 S.W.3d at 667 (identifying an exception where causation could be established through lay witness testimony for "overt injuries such as broken bones or lacerations" which are within the general experience and common

knowledge of laypersons). Accordingly, the undersigned finds that Bailey must introduce expert testimony to establish causation for her negligence claims.

### B. Testimony of Bailey's Treating Physicians as to Medical Causation

The Defendants contend that Bailey has not designated any experts who can offer an opinion on medical causation. Doc. No. 11 at 9, ¶ 22. Furthermore, the Defendants contend that none of Bailey's treating physicians have provided a report, and in the absence of such reports, Bailey has presented only medical records and bills to prove causation. *Id.* at 12, ¶ 25. According to the Defendants, medical records and bills alone are insufficient to establish medical causation because neither type of document contains any analysis or data regarding medical causation. *Id.* The Defendants contend that Bailey "has absolutely no evidence to present to a jury on medical causation," and thus, this alleged lack of evidence entitles them to judgment as a matter of law on all of Bailey's claims. *Id.*

The undersigned disagrees. Bailey designated Dr. Rajesh Bindal as a treating physician witness and has introduced Dr. Bindal's deposition testimony, in which he testifies regarding medical causation. Doc. No. 11-1 at 2–3; Doc. No. 12-2. In her expert disclosure, Bailey noted that Dr. Bindal was a non-retained expert and is expected to testify about issues within his expertise and the subject matter contained in medical records, reports, and bills prepared by him. Doc. No. 11-1 at 2–3. In the instant motion, the Defendants contend that none of Bailey's treating physicians have provided an expert report. Doc. No. 11 at 12. Indeed, Bailey has not provided a FED. R. CIV. P. 26(a)(2)(B) report for Dr. Bindal. Thus, the undersigned must consider whether Dr. Bindal was required to produce an expert report under FED. R. CIV. P. 26(a)(2)(B) in order for Bailey to introduce his testimony regarding medical causation.

The required disclosure of expert witnesses under FED. R. CIV. P. 26 differs depending on the characterization of the witness. If the expert is "one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," then Rule 26(a)(2)(B) requires the disclosure to include a written report containing:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B).

The Fifth Circuit has not yet decided the issue of when a treating physician must disclose a written expert report under Rule 26(a)(2)(B). *See United States v. Williams*, No. 20-10433, 2021 WL 2819016, at *3 (5th Cir. July 6, 2021) (noting that although treating physicians do not typically have to disclose expert reports under Rule 26, "some courts have held that this exception does not apply to opinions that the treating physician arrives at after treatment, for the purposes of litigation"). Courts have noted that "[t]he biggest concern with permitting treating physicians to testify in all circumstances without providing expert reports is that this would permit circumvention of the policies underlying the expert report requirement. A party might attempt to avoid Rule 26(a)(2)(B)'s requirement by having a treating physician testify on an issue instead of having an expert do so." *Shelton v. Wise*, No. A-07-CA-063 RP, 2009 WL 10699993, at *3 (W.D. Tex. Sep. 1, 2009) (citing *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 870 (6th Cir. 2007)).

The rule that has emerged from Texas district courts is that a treating physician need not provide a written report under Rule 26(a)(2)(B) as long as their testimony is confined to opinions developed during their treatment and care of the patient. *See Hoffman v. United States*, No. 1:22-CV-00787-DAE, 2024 WL 72648, at *6 (W.D. Tex. Jan. 5, 2024) (citing *Kim v. Time Ins.*, 267 F.R.D. 499, 503 (S.D. Tex. 2008)) (internal quotations and alterations omitted). "Information a physician learned in the natural course of treating a patient is not information derived while preparing for trial and thus need not be disclosed under Rule 26(a)(2)(B)." *Cantu v. Wayne Wilkens Trucking, LLC*, 487 F. Supp. 3d 578, 583 (W.D. Tex. 2020). However, "district courts in this circuit agree that treating physicians *are* required to produce written reports where their opinions are based on information learned outside the course of treatment, that is, information beyond the personal knowledge obtained from examining and treating an individual." *Biggers v. BP Prod. N. Am. Inc.*, No. 4:22-CV-02188, 2024 WL 54983, at *3 (S.D. Tex. Jan. 3, 2024) (internal quotations omitted).

Whether Dr. Bindal may permissibly testify as to medical causation depends on whether his causation opinion was developed during his treatment of Bailey and whether he relied on any information outside the normal course of treatment in developing his opinion. Dr. Bindal was deposed on February 14, 2024. Doc. No. 12-2 at 1. In his deposition, Dr. Bindal noted that during his initial examination of Bailey, he asked for Bailey's medical history, reviewed her prior MRI scans, conducted a physical examination, and ultimately rendered a diagnosis of her injuries and recommended surgery as treatment. *Id.* at 6, 11. As part of her medical history, Bailey told Dr. Bindal that she had no symptoms prior to her accident and that her symptoms began around the time of her accident. *Id.* at 13–14. Dr. Bindal testified about the basis of his medical opinion on

8

causation several times during his deposition in response to direct questions about causation. *Id.* at 9–16.

For instance, in response to a direct question about whether the spinal cord compression and disc herniation were caused by the same event, Dr. Bindal ruled out degeneration as a potential cause of the injuries because Bailey was 28 years old at the time of injury, and degeneration does not occur in 28-year-old individuals. *Id.* at 9. Specifically, Dr. Bindal opined that Bailey's herniated discs and other symptoms were due to the motor vehicle accident because she was "a 28-year-old young lady with no history of previous pain or symptoms who relates [sic] to us that she was involved in a motor vehicle accident and developed these symptoms coincident with the motor vehicle accident." *Id.*

Additionally, Dr. Bindal was asked directly whether he had an opinion as to the cause of the herniated discs and spinal cord compression. *Id.* at 13–14. He responded that Bailey's herniated discs are due to the motor vehicle accident based on the symptoms she described, the fact that she had no symptoms prior to the accident and her symptoms started around the time of the accident, and that the herniated discs could not have been caused by degeneration. *Id.* Dr. Bindal also ruled out asymptomatic herniation as a potential cause, stating that while it is possible that patients can have asymptomatic herniations, trauma is what makes something that was asymptomatic into something that is symptomatic, so the trauma is what creates the need for medical treatment. *Id.* at 15–16.

The undersigned finds that Dr. Bindal's opinion on causation was rendered as part of his treatment and care of Bailey. When asked about his opinion on causation during the deposition, Dr. Bindal responded that he considered Bailey's medical history, her MRI scans, and his own observations from his physical examination of her. Dr. Bindal also ruled out two potential causes

9

of disc herniation based on these materials. Nothing in the summary judgment record suggests that Dr. Bindal's opinion on causation was based on anything other than what he observed in his ordinary treatment of Bailey. Accordingly, Dr. Bindal was not required to provide an expert report under FED. R. CIV. P. 26(a)(2)(B).

The undersigned finds that Bailey may introduce Dr. Bindal to testify regarding medical causation to the extent that such opinions were based on his treatment of Bailey. *Compare Hoffman*, 2024 WL 72648 at *7 (finding that treating physician could testify that plaintiff's injuries were caused by the automobile accident to the extent such opinions were based on his treatment of plaintiff and his experience as a cervical spine surgeon) *with Biggers v. BP Prod. N. Am. Inc.*, No. 4:22-CV-02188, 2024 WL 54983, at *3 (S.D. Tex. Jan. 3, 2024) (finding that treating physician was required to produce a written report because his opinions on causation were based upon information gained outside the normal course of treatment).

The Defendants rely heavily on *Carmona v. Forrest*, an unpublished District Court order, in support of their main contention that Bailey has not designated any experts who can opine on medical causation. Doc. No. 11 at 9, 10–12 (citing No. H-20-3922, 2023 WL 4317036, at *2 (S.D. Tex. June 15, 2023), *report and recommendation adopted*, No. 4:20-CV-03922, 2023 WL 4317184 (S.D. Tex. June 30, 2023)). In *Carmona*, the court found that the plaintiff introduced only medical records as evidence of causation. 2023 WL 4317036 at *2. The court excluded all of the plaintiff's treating physicians from testifying about causation because the medical records failed to fully explain the physicians' causation analysis and failed to discuss the facts and data on which the physicians relied in reaching their conclusions. *Id.* at *7. The Defendants contend that as in *Carmona*, here, "there is no indication that any of Plaintiff's treaters needed to identify the source of Plaintiff's injuries to treat them; there is no indication that any of Plaintiff's treaters did

anything more than take Plaintiff's word for the cause of her injuries; and none of Plaintiff's treaters discuss the facts or data on which they rely to establish medical causation." Doc. No. 11 at 11.  These arguments are plainly contradicted by Dr. Bindal's deposition testimony.

First, Dr. Bindal describes the basis for his causation opinion: Bailey's medical history and previous MRI scans and the physical examination he conducted of her.  Doc. No. 12-2 at 6–7, 13–14.  Nothing in Dr. Bindal's testimony or the summary judgment record suggests that any of the materials Dr. Bindal reviewed in rendering his causation opinion were outside the normal course of his treatment of Bailey.  Second, Dr. Bindal provided analysis of his causation opinion by rejecting two potential causes of Bailey's injuries and explaining his reasoning for doing so.  *Id.* at 9, 15.  In contrast to the medical records in *Carmona*, Dr. Bindal's deposition testimony provides details as to the basis for his opinion and describes his causation analysis in sufficient detail.  To the extent the Defendants seek to attack the credibility of Dr. Bindal's causation analysis and the facts on which he based his opinion, such arguments pertain to the weight, not the admissibility, of the evidence.

Finally, the Defendants state in conclusory fashion that "Plaintiff cannot prove that the car accident caused her injuries" and that "Plaintiff cannot produce evidence" to meet her burden of proving causation.  Doc. No. 11 at 12–13.  The undersigned disagrees.  As discussed above, Bailey has presented evidence of medical causation by designating Dr. Bindal as a non-retained, treating physician expert and introducing his deposition testimony in which he discusses medical causation.  Accordingly, the Defendants' arguments are unavailing and do not establish the absence of a genuine dispute of material fact.

In sum, because Dr. Bindal's testimony on causation is admissible, the undersigned finds that there is a genuine dispute of material fact regarding the cause of Bailey's injuries. Accordingly, the Defendants have failed to meet their summary judgment burden, and the undersigned recommends that the instant *Motion for Summary Judgment* (Doc. No. 11) be denied.

### IV.   Conclusion

Defendants Health Services Management of Texas, LLC and HSMTX/Beaumont, LLC have failed to meet their summary judgment burden. Accordingly, the undersigned recommends **DENYING** Defendants' *Motion for Summary Judgment* (Doc. No. 11).

### V.   Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within 14 days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within 14 days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain

error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 6th day of June, 2024.

Zack Hawthorn
United States Magistrate Judge